| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------ x<br>DWAYNE BARNES,<br>　　　　　Petitioner,<br>　　- against -<br>ROBERT ERCOLE, Superintendant<br>Greenhaven Correctional Facility<br>　　　　　Respondent.<br>------------------------------------------------------ x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: April 14, 2011<br><br>09 Civ. 2530 (PAC) (AJP)<br><br>ORDER ADOPTING R&R |

HONORABLE PAUL A. CROTTY, United States District Judge:

　　Pro se petitioner Dwayne Barnes ("Barnes") seeks habeas relief following his September 1, 2005 conviction, on a guilty plea in Supreme Court, New York County, for second degree attempted robbery, and his sentence of twelve years to life. Barnes alleges that his plea allocution was inadequate and that the Court deprived him of his right to due process by failing to examine his claims of innocence, made after his guilty plea. On March 30, 2009, this Court referred the general pretrial matters and dispositive motions in the case to Magistrate Judge Andrew J. Peck. (Dkt. 3.) On August 3, 2009, Magistrate Judge Peck issued a Report & Recommendation ("R&R") recommending that the Court deny Barnes's habeas petition. The R&R provided until September 30, 2009 to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No objections have been filed. For the reasons that follow, the Court adopts the R&R in full and dismisses Barnes's petition.

## BACKGROUND[1]

### I. The Crime

Early in the morning of August 3, 2004, Barnes attempted to rob a Manhattan bodega, stating that he was a police officer, flashing a badge, and displaying a gun that turned out to be a starter pistol (i.e. one that shoots blanks). (R&R at 2.) The cashier struggled with Barnes, causing him to drop the badge and pistol, and flee without the money. (Id.) The cashier then called 911, and police officers apprehended Barnes within a few minutes, as he was running into his apartment building nearby. (Id.) The cashier identified Barnes as the perpetrator within fifteen minutes of the crime. (Id.) Thereafter, a New York County grand jury charged Barnes with second degree robbery and first degree criminal impersonation. (Id.)

### II. Barnes's Guilty Plea

On April 12, 2005, Barnes pleaded guilty to attempted second degree robbery before New York State Supreme Court Justice James A. Yates, in exchange for the promise that he would be sentenced to no more than twelve years to life imprisonment, should Justice Yates find him to be a persistent violent felony offender. (Id.) Justice Yates asked Barnes whether he was satisfied with the work of his attorney, Keith Cavet ("Cavet") of the Legal Aid Society, and Barnes responded affirmatively. (Id. at 3.) In response to questioning by Justice Yates, Barnes stated that he understood the content of the plea agreement and the rights he was giving up; that he did not plead guilty in response to any threats or promises; and that the facts alleged in the indictment, as stated by Justice Yates, were true. (Id.) At Barnes's request, Justice Yates adjourned sentencing for two months to allow Barnes to cooperate in another investigation. (Id. at 5.)

---

[1] The facts in this section are taken from the R&R.

Within hours of the hearing, Barnes informed a Department of Probation investigator that he was not, in fact, guilty, and that he had been in his home at the time of the crime.  (Id.)

### III. Barnes's Motion to Withdraw His Guilty Plea

On June 7, 2005, Barnes moved, pro se, to withdraw his guilty plea, alleging that Cavet (1) failed to provide Barnes with certain documents relating to discovery; (2) waived Barnes's right to appear before a grand jury without his consent; and (3) never informed Barnes of his right to appear at the persistent felony hearing.  (See id.; Decl. in Opp'n to Pet. for a Writ of Habeas Corpus ("Decl. in Opp."), Ex. A.)  On July 20, 2005, Barnes again moved to withdraw his plea, asserting ineffective assistance of counsel.  (R&R at 5.)  Barnes alleged that (1) he had informed his original counsel, "Mr. Benjamin" ("Benjamin") of the Legal Aid Society, on a number of occasions of his desire to testify in front of the grand jury, but that Benjamin advised against it; (2) Barnes repeatedly asserted his innocence to Benjamin, and his desire to go to trial; (3) Benjamin failed to provide Barnes with all the evidence, including police reports and 911 tapes; (4) Benjamin rarely met with Barnes to discuss the case; (5) he hardly ever saw Cavet, or had the opportunity to work on a defense; (6) both attorneys pushed him to plead guilty because of the evidence against him; and (7) Barnes eventually pleaded guilty because he believed he had no other choice and had lost confidence in his attorneys.  (Id. at 5-6; Decl. in Opp, Ex. B.)

On August 15, 2005, Barnes, represented by newly assigned counsel, Saul Schwartzberg, raised his claims in a plea withdrawal hearing before Justice Yates.  (R&R at 6.)  After hearing testimony from Cavet, Justice Yates found that Barnes has been adequately represented, and that the plea allocution was sufficient, notwithstanding Barnes's subsequent assertions of innocence. (Id. at 7-8.)  At sentencing, Justice Yates found Barnes to be a persistent violent felony offender, and sentenced him to twelve years to life imprisonment.  (Id. at 8.)

**IV. Barnes's Direct Appeal**

Barnes appealed to the First Department, claiming that Justice Yates deprived him of his right to due process by failing to inquire into his innocence claim.  (Id. at 8-9.)  On September 18, 2007, the First Department unanimously affirmed Barnes's conviction, finding that Justice Yates did not abuse his discretion in denying Barnes's motion to withdraw his guilty plea.  See People v. Barnes, 43 A.D.3d 704, 841 N.Y.S.2d 441 (1st Dep't 2007).  The New York Court of Appeals denied leave to appeal.  See People v. Barnes, 9 N.Y.3d 848 (2007).

**V. Barnes's Habeas Petition**

On March 27, 2009, Barnes filed the instant petition, asserting that Justice Yates deprived him of his right to due process by failing to inquire into his innocence claims, rendering his plea allocution inadequate.  (R&R at 9.)

**VII. Magistrate Judge Peck's Report & Recommendation**

Magistrate Judge Peck issued his R&R on August 3, 2009, recommending that the Court deny Barnes's habeas petition because (1) Barnes's claim that his guilty plea was involuntary is meritless; and (2) the state court adequately inquired into Barnes's innocence claim.

### DISCUSSION

**I. Standard of Review**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record."  Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776 at *1 (S.D.N.Y. Feb. 10, 2011).

**II. Standard for Habeas Relief**

To obtain habeas relief, Barnes must show that the Appellate Division's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1) (2000). A decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" of the case before it. Williams v. Taylor, 529 U.S. 362, 413 (2000).

## II. Withdrawal of Barnes's Guilty Plea

Barnes essentially rests his claim on his repeated assertions of innocence, made to his attorney prior to his plea and the Department of Probation hours after the plea. (See Petition at 4.) He argues that Justice Yates should have inquired into his innocence because it cast doubt upon his admission of guilt in open court.

The Court should consider "whether the defendant has asserted his legal innocence" and "the amount of time that has elapsed between the plea and the motion [to withdraw]" in deciding a motion to withdraw a guilty plea under Fed. R. Crim. P. 11(d)(2)(B). United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). With respect to a habeas petition, however, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotations omitted). In order to prevail, then, Barnes must demonstrate that his plea was not voluntary and intelligent. Magistrate Judge Peck did not err in concluding that he has failed to do so.

At the plea hearing, Barnes explicitly acknowledged that he understood the content of the plea agreement; that he had not received any threats that caused him to plead guilty; that he was satisfied with the work of his attorney; and that the facts alleged in the charge were true. (R&R

at 2-5.) "It is well established that a criminal defendant's self-inculpatory statements made under oath at [a] plea allocution carry a strong presumption of verity and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." United States v. Grzybek, 283 Fed. Appx. 843, 845 (2d Cir. 2008) (internal quotations omitted)). The plea was the culmination of over three months of negotiations, during which time Barnes was represented by counsel. (See R&R at 25.) As Magistrate Judge Peck correctly stated, there is no indication on the record that Barnes's statements were involuntary or that he did not understand them.

Barnes's argues that his plea allocation was insufficient because he only "answered 'yes' a total of four times." (Pet. Mem. at 13.) The procedure, however, to which a state court need adhere when allocating a defendant is not so rigid. See Panuccio v. Kelly, 927 F.2d 106, 110 (2d Cir. 1991). Due process does not mandate that state courts conduct a factual inquiry. See Torres v. McGrath, 407 F.Supp.2d 551, 559 (S.D.N.Y. 2006) (attributing this requirement to Fed. R. Civ. P. 11). A factual inquiry "is merely one way of satisfying the constitutional requirement that a plea be voluntary and intelligent." Willbright, 745 F.2d at 780. Justice Yates satisfied this requirement by asking Barnes whether he understood the plea agreement and the rights he was giving up, and whether anyone had made any threats or promises. Barnes offers no reason to believe that his affirmative answers were not voluntary and intelligent.

## CONCLUSION

Finding no clear error, the Court adopts the R&R in full and denies Barnes's petition for a writ of habeas corpus. As Barnes has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v.

Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of Court is directed to enter judgment accordingly, and close this case.

Dated: New York, New York
April 14, 2011

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Dwayne Barnes
# 05-A-4751
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12581

Paul M. Tarr
Office of the Attorney General, New York State
120 Broadway
New York, NY 10271